**EXHIBIT "B"**

From: **Callahan, Timothy W.** <TCallahan@saul.com>
Date: Fri, Jun 14, 2013 at 12:10 PM
Subject: FW: Commerce LLC || 13-12598-JS
To: "Zvi Guttman Esquire (zvi@zviguttman.com)" <zvi@zviguttman.com>


Zvi:

I have interpreted your email as seeking information about work Saul Ewing performed in connection with the Malcomb Cork matter, rather than requesting information about all of the other matters we have handled over the years.  If I am mistaken about that, please let me know and we can discuss how to best proceed.  To put it in context, Saul Ewing's time and billing records show 95 matters for Commerce LLC ("LLC") that go back to 1985.  Our time and billing records also have 28 matters for Commerce Corporation ("CORP") under client number 945545 that begin in 1998.  My understanding is that CORP is the sole member of LLC.  It  was not uncommon for work done for LLC to be billed to CORP and paid by LLC.

The dispute with Malcomb Cork was handled under client matter number 945545.00028.  There were three cases handled under that client matter number in which LLC was the plaintiff, as follows:

1.  Commerce, LLC v. Malcomb Cork, U.S.D.Ct.MD Civil Court Action No: 1:12-CV-02513-RDB U.S.D.Ct.MD;

2. Commerce, LLC v. Medical Solutions International, Inc., U.S.D.Ct.MD Civil Court Action No: 1:12-CV-02393-WMN; and,

3. Commerce LLC v. Malcomb C. Cork, Circuit Court for Anne Arundel County Maryland, Case Number: 02C12172112 (confession of judgment action).

I have assembled all of the invoices for the Malcomb Cork matter (both paid and unpaid) and attached them hereto. I have marked unpaid invoices with the word "OPEN." In addition, there are several other matters for which there are unpaid invoices. I have assembled them and attached them as well. If you require additional invoices, please let me know.

With regard to items I and 2 below, I am in the process of acquiring the emails and correspondence with regard to the Cork matter. Rather than just rely upon the emails the key attorneys saved in their Outlook folders for this matter, I am having searches run on the relevant Outlook mailboxes. I do not expect to have those results until next week. However, I shall be out of the country next week, so I may not get those to you until the week of June 24.

With regard to items A through D, I can provide some information now and believe that more information will be found in the emails and correspondence, once I have all of that material assembled. Based on what I have so far, I can say that Saul Ewing sent the signed documentation to the client on February 22, 2013. A copy of the cover letter is attached. I am informed that the original note was included with the original settlement agreement. Accordingly, we do not have the originals in our files.

Initially, the settlement contemplated a note for $1 million secured by three mortgaged properties located in Florida, Maryland and South Carolina respectively. Shortly before settlement, Cork sold the Florida property and paid approximately $500,000 to LLC. That caused there to be a reduction in the note. As to whether the mortgages/DOTs on the Maryland and South Carolina properties were recorded, the paralegal to whom I would turn for that information is currently out. I shall check on that as soon as possible.

I do not believe a post-default demand on the note was made because there were active discussions with the Corks' attorney right up until the initiation of bankruptcy proceedings. See the email attached hereto.

Regards,

Tim
Timothy W. Callahan, II
General Counsel
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Phone: 215.972.1081
Mobile: 610.996.4299
Fax:    215.972.1828
email:   tcallahan@saul.com

Saul Ewing

---

**From:** Zvi Guttman [mailto:Zvi@zviguttman.com]
**Sent:** Friday, June 07, 2013 5:38 PM
**To:** Alan M. Grochal; iwalker@coleschotz.com; 'Philip M. Andrews'; Eidelman, Gary B.; Callahan, Timothy W.
**Cc:** Richard.lessans@gmail.com
**Subject:** Commerce LLC || 13-12598-JS

Counsel:

Confirming my recent telephonic request to each of you, I feel that it is important for me to review the files relating to your representation of Commerce.  Fortunately, that representation spans but a brief period of time.  Although I may at some point want to review larger portions of your files, for the moment I would like to review the following three items:

1. Emails to/from/relating to/on behalf of Commerce.

2. Correspondence to/from/relating to/on behalf of Commerce.

3. Your Invoices relating to services provided on behalf of Commerce.

Perhaps, these items can be provided on a disk.

In addition to these general items, I am trying to track down the following specific items and information:

A. The original Promissory Note from Cork to Commerce.

B. Confirmation that the Mortgages/DOT's to secure the Cork Note were in fact recorded.

C. Whether the required post-default demand was ever made on the Corks (and if so a copy of it).

D. Any communications with or regarding Commerce's claims under or against its insurer(s).  This would include internal memos and/or written or email correspondence.

In advance, thank you all for your attention to this matter.

*Zvi Guttman*
The Law Offices of Zvi Guttman, P.A.
Post Office Box 32308
Baltimore, Maryland 21282
(410) 580-0500 Phone
(410) 580-0700 Fax
(410) 302-1093 Cell

This e-mail and its attachments are confidential and intended exclusively for the individual or entity named above. If you are not the intended addressee, you are hereby notified that reading, disseminating, distributing, or copying this communication is unauthorized and prohibited. If you have received this communication in error, please immediately notify us by telephone at 410-580-0500. Although this email (including attachments, if any) is believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is in any way accepted by the sender for any loss of damage arising in the event that such a virus or defect exists.

"Saul Ewing LLP <saul.com>" made the following annotations:

+~~~~~~~~~~~~~~~~~~~~~~~+

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH REQUIREMENTS IMPOSED BY THE IRS, WE INFORM YOU THAT ANY U.S. FEDERAL TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (I) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THIS E-MAIL MAY CONTAIN PRIVILEGED, CONFIDENTIAL, COPYRIGHTED, OR OTHER LEGALLY PROTECTED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT (EVEN IF THE E-MAIL ADDRESS ABOVE IS YOURS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU HAVE RECEIVED THIS BY MISTAKE PLEASE NOTIFY US BY RETURN E-MAIL, THEN DELETE. THANK YOU. SAUL EWING'S WEB SITE IS WWW.SAUL.COM.

+~~~~~~~~~~~~~~~~~~~~~~~+