EXHIBIT "D"

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made and entered into as of the 14th day of April 2014 by and between Saul Ewing LLP, a Delaware Limited Liability Partnership, and all of its attorneys, including partner Gary B. Eidelman, (collectively, the "Firm"), and Commerce LLC, Commerce Corporation and Richard Lessans and all of their current and former members, parents, employees, subsidiaries, affiliates, successors and/or assigns (the "Claimants").

The Firm has served as legal counsel to Claimants in a variety of matters. Claimants now believe that they have or may have certain claims against the Firm arising out of the alleged notice given to the Firm of certain conduct of the former president of Commerce LLC, Malcomb Cork, (the "Claims"). However, none of the parties to this Agreement desires Claimants to assert those Claims at this time. Therefore, in consideration of the mutual promises stated in this Agreement, the parties agree as follows:

1. The period between the date of this Agreement and the Termination Date, as defined below in paragraph 4, shall not be included in determining the applicability of any statute of limitations, laches, or any other defense based on the lapse of time in any action or proceeding asserting one or more of the Claims brought by either party against the other.

2. Nothing in this Agreement shall affect any defense available to any party as of the date of this Agreement, and this Agreement shall not be deemed to revive any claim that is or was already barred on that date. Nothing in this Agreement, or in the circumstances which gave rise to this Agreement, shall be construed as an acknowledgment by any party that any of the Claims have or have not been barred, or are about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time.

3. This Agreement shall not operate as an admission by any party of liability or any fact. Neither this Agreement nor any action taken pursuant to this Agreement shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any party.

4. Any party may terminate this Agreement on thirty (30) days' written notice to the other(s) sent by registered mail, return receipt requested, to counsel for the Claimants or the Firm at the following addresses:

   To Claimants:   Arnold M. Weiner, Esquire
                   Rifkin, Weiner, Livingston, Levitan & Silver, LLC
                   2002 Clipper Park Road
                   Baltimore, MD 21211

   To Firm:        Timothy W. Callahan, II, Esquire
                   General Counsel
                   Saul Ewing LLP
                   Centre Square West
                   1500 Market Street, 38th Floor
                   Philadelphia, PA 19102-2186

Any party may change the address by which it should be given notice by giving written notice of the change of address to the other's counsel at the above address by registered mail, return receipt requested. If not earlier terminated by notice, this Agreement shall

1587692.1 4/14/14

terminate on June 13, 2014. Accordingly, the Termination Date shall be the earlier of June 14, 2014, or the first business day following thirty (30) days after the date of mailing of notice of termination pursuant to this paragraph.

5. This Agreement comprises the entire agreement of the parties with respect to the tolling of any statute of limitations and the doctrine of laches; and this Agreement may be modified, amended, or supplemented only by a written instrument signed by all of the parties.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original.

7. This agreement is confidential and shall not be disclosed by any party except to seek relief from any breach hereof by any other parties. If any party is required by subpoena or court process to disclose this confidential agreement, that party may respond to such subpoena or court process only after giving written notice to every other party.

8. Each undersigned party represents, warrants, and states that all legal action necessary for the effectuation and execution of this Agreement has been validly taken and that the individuals whose signatures appear below on behalf of each party are duly authorized to execute this Agreement on behalf of their respective parties.

9. This Agreement shall be interpreted in accordance with the substantive law of the State of Maryland without application of choice of law rules.

_____  
Timothy W. Callahan, II, Esquire  
General Counsel of  
Saul Ewing LLP

_____  
Arnold M. Weiner, Esquire  
Counsel for Claimants  
Commerce LLC, Commerce Corporation and  
Richard Lessans

_____ 4/14/2014  
Zvi Guttman, as Chapter 7 Trustee  
of the bankruptcy estate of Commerce, LLC


Commerce Corporation

By: _____  
      Richard Lessans


_____  
Richard Lessans

1587692.1 4/14/14

-2-

terminate on June 13, 2014. Accordingly, the Termination Date shall be the earlier of June 14, 2014, or the first business day following thirty (30) days after the date of mailing of notice of termination pursuant to this paragraph.

5. This Agreement comprises the entire agreement of the parties with respect to the tolling of any statute of limitations and the doctrine of laches; and this Agreement may be modified, amended, or supplemented only by a written instrument signed by all of the parties.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original.

7. This agreement is confidential and shall not be disclosed by any party except to seek relief from any breach hereof by any other parties. If any party is required by subpoena or court process to disclose this confidential agreement, that party may respond to such subpoena or court process only after giving written notice to every other party.

8. Each undersigned party represents, warrants, and states that all legal action necessary for the effectuation and execution of this Agreement has been validly taken and that the individuals whose signatures appear below on behalf of each party are duly authorized to execute this Agreement on behalf of their respective parties.

9. This Agreement shall be interpreted in accordance with the substantive law of the State of Maryland without application of choice of law rules.

Timothy W. Callahan, II, Esquire
General Counsel of
Saul Ewing LLP

Arnold M. Weiner, Esquire
Counsel for Claimants
Commerce LLC, Commerce Corporation and
Richard Lessans

Zvi Guttman, as Chapter 7 Trustee
of the bankruptcy estate of Commerce, LLC

Commerce Corporation

By: _____
Richard Lessans

_____
Richard Lessans

1587692.1 4/14/14

-2-